# No. 07-2554

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**NATIONAL LABOR RELATIONS BOARD**

**Petitioner**

**v.**

**BEACON ELECTRIC COMPANY**

**Respondent**

_____

## ON APPLICATION FOR ENFORCEMENT OF AN ORDER OF
## THE NATIONAL LABOR RELATIONS BOARD

_____

## SUPPLEMENTAL BRIEF FOR
## THE NATIONAL LABOR RELATIONS BOARD

_____

**JILL A. GRIFFIN**
*Supervisory Attorney*

**DAVID A. SEID**
*Attorney*

**National Labor Relations Board**
**1099 14th Street N.W.**
**Washington, D.C. 20570**
**(202) 273-2949**
**(202) 273-2941**

**RONALD MEISBURG**
*General Counsel*
**JOHN E. HIGGINS, JR.**
*Deputy General Counsel*
**JOHN H. FERGUSON**
*Associate General Counsel*
**LINDA DREEBEN**
*Deputy Associate General Counsel*

*National Labor Relations Board*

# TABLE OF AUTHORITIES

**Cases:**                                                                **Page(s)**

*Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,*
   467 U.S. 837 (1984) ...............................................................................4

*Conley v. NLRB,*
   520 F.3d 629 (6th Cir. 2008) ................................................................3

*FES (A Division of Thermo Power),*
   331 NLRB 9 (supplemented 333 NLRB 66 (2001)),
   *enforced* 301 F.3d 83 (3d Cir. 2002) ...................................................3

*Fluor Daniel, Inc. v. NLRB,*
   332 F.3d 961 (6th Cir. 2003) ................................................................4

*Holly Farms Corp. v. NLRB,*
   517 U.S. 392 (1996)...............................................................................5

*Lee v. NLRB,*
   325 F.3d 749 (6th Cir. 2003)………………………………………………… 5

*McCalvin v. Yukins,*
   444 F.3d 713 (6th Cir. 2006) ................................................................3

*NLRB v. Curtin Matheson Scientific, Inc.,*
   494 U.S. 775 (1990)...............................................................................5

*Toering Electric Co.,*
   351 NLRB No. 18 (2007), 2007 WL 2899733 ...............................2,3,5

*Wu v. Tyson Foods Inc.,*
   189 Fed. Appx. 375 (6th Cir. 2006)......................................................3

**STATUTES**                                                              **Page(s)**

National Labor Relations Act, as amended
   (29 U.S.C. § 151 et seq.)

Section 8(a)(1) (29 U.S.C. § 158(a)(1))..................................................4

Section 8(a)(3) (29 U.S.C. § 158(a)(3))....................................................................4

Federal Rules of Appellate Procedure 29(a)(9) .......................................................4

h://Beacon Electric Supplemental Brief TOA

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT
_____

### No. 07-2554
_____

### NATIONAL LABOR RELATIONS BOARD

**Petitioner**

**v.**

### BEACON ELECTRIC COMPANY

**Respondent**
_____

### ON APPLICATION FOR ENFORCEMENT OF AN ORDER OF
### THE NATIONAL LABOR RELATIONS BOARD
_____

### SUPPLEMENTAL BRIEF FOR
### THE NATIONAL LABOR RELATIONS BOARD
_____

On March 11, 2009, the Court held oral argument in this case before a

panel of Circuit Judges Kethledge and White and District Judge Polster.

Following argument, the panel issued an order directing the parties to file

supplemental briefs addressing the following question:

> Does the difference between the National Labor Relations Board's decision in *Toering Elec. Co*., 351 NLRB No. 18 (2007)[,] and *FES, a Div. of Thermo Power*, 331 NLRB 9, 15 (2000), concern the National Labor Relations Act, as to which we must accord deference to the Board's interpretation, or the allocation of burdens under the Administrative Procedure Act, as to which we do not?

The Court's question implies that the Court may be considering examining the merits of the Board's decision in *Toering Elec. Co*., its modification of the *FES* test, and its application to this case. With all due respect, the Court should not reach those issues. The Board denied Beacon's motion for reconsideration, rehearing, and reopening of the record to retroactively apply *Toering Elec. Co.*, and Beacon, in its opening brief to the Court, waived any argument that the Board abused its discretion in denying that motion. In short, *Toering Elec. Co.* is not before the Court.

1. Three months after the Board issued its decision in this case, Beacon filed a motion for reconsideration, rehearing, and reopening of the record, relying on the Board's decision in *Toering Elec. Co.*, which issued after the Board's decision in this case. In its Order denying Beacon's motion to retroactively apply *Toering Elec. Co.*, the Board found that the modification to the *FES* standard did not constitute "extraordinary circumstances" warranting reconsideration of the Board's decision in this case in order to apply *Toering Elec. Co.* (Board Order Denying Motion,

Appendix 312.) The Board observed that it had twice remanded the case (in 2000 and again in 2003) for application of its decision in *FES*, *(A Div. of Thermo Power)*, 331 NLRB 9 (supplemented 333 NLRB 66 (2001)), *enforced* 301 F.3d 83 (3d Cir. 2002), which issued while this case was first pending before the Board in 2000. For a complete description of the case's extensive litigation, see the Board's brief at pp. 2-7.

Although Beacon asks the Court for another remand, this time to reopen the record and retroactively apply *Toering Elec. Co.*, it has never asked this Court to reverse the Board's denial of its motion for reconsideration, much less urged any basis for such a reversal. Accordingly, Beacon has waived any argument that the Board improperly denied its motion for reconsideration, and the Court cannot reach Beacon's claims that it would have prevailed had the Board applied *Toering Elec. Co.* or that the case should be remanded for application of that decision. *See Conley v. NLRB*, 520 F.3d 629, 638 (6th Cir. 2008) (Where employer "does not argue in its appellate brief against the validity of the Board's rulings . . . [a]ny challenges to those rulings have thus been waived."). *See generally Wu v. Tyson Foods Inc.,* 189 Fed. Appx. 375, 381 (6th Cir. 2006) ("This court has consistently held that arguments not raised in a party's opening brief, as well as arguments adverted to in only a perfunctory manner, are waived.");

*McCalvin v. Yukins*, 444 F.3d 713, 723 (6th Cir. 2006) ("It is well established that issues not raised by an appellant in its opening brief . . . are deemed waived."); Federal Rules of Appellate Procedure 29(A)(9)(a) (party waives argument it fails to make in opening brief).

Rather, the only applicable standard is the *FES* framework, which this Court has approved,[1] and the only issue before the Court is whether the Board is entitled to summary enforcement of its finding, under the then-current *FES* test, that Beacon violated Section 8(a)(3) and (1) of the National Labor Relations Act (29 U.S.C. §§ 151, 158(a)(3) and (1)) ("the Act") by refusing to consider for hire or to hire 49 members of the International Brotherhood of Electrical Workers, Local 212, AFL-CIO ("the Union").[2]

2.  While the issue is not properly before the Court, we note that a legal challenge to the appropriateness of a Board standard that addresses the Board's interpretation of the Act on a matter on which Congress did not

---

[1]  *See Fluor Daniel, Inc. v. NLRB*, 332 F.3d 961, 968 (6th Cir. 2003).  The Court agreed with the Board's approach in refusal-to-hire cases, but, contrary to the Board, required evidence that jobs were available for the applicants before it would find a refusal-to-consider violation.  *Fluor Daniel*, 332 F.3d at 975-976.  That disagreement is not relevant here because there is no dispute that Beacon had jobs available for those it refused to consider for hire.

[2] As noted in the Board's brief (pp. 21, 25-26), Beacon does not dispute that the Board, applying its then-existing *FES* standard, properly found that Beacon unlawfully refused to consider or hire 49 union member applicants.

speak directly is subject to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984).  *See Lee v. NLRB*, 325 F.3d 749, 754 (6th Cir. 2003).  Under that analysis, for the Board to prevail, "it need not show that its construction is the *best* way to read the statute; rather, courts must respect the Board's judgment so long as its reading is a reasonable one." *Holly Farms Corp. v. NLRB*, 517 U.S. 392, 409 (1996).  *Accord NLRB v. Curtin Matheson Scientific, Inc.*, 494 U.S. 775, 787 (1990) (Courts "will uphold a Board rule as long as it is rational and consistent with the Act").[3]

---

[3] In *Toering Elec. Co.*, the Board, citing policies of the Act, held that under the *FES* framework, the burden is on the General Counsel to establish an applicant's genuine job interest, where the employer's evidence creates a reasonable question as to the applicant's actual interest in working for the employer. The Board cited "the Act's overarching purpose, its remedial provisions, and the real and unacceptable possibility of abuse of the Board's processes."  351 NLRB at No. 18, slip op. at 9, 2007 WL 2899733 *11.

## CONCLUSION

The Board respectfully submits that the Court should enforce its

Order against Beacon in full.

<div style="margin-left: 50%;">

s/Jill A. Griffin
JILL A. GRIFFIN
*Supervisory Attorney*

s/David A. Seid
DAVID A. SEID
*Attorney*

National Labor Relations Board
1099 14th Street N.W.
Washington, D.C. 20570
(202) 273-2949
(202) 273-2941

</div>

RONALD MEISBURG
    *General Counsel*

JOHN E. HIGGINS, JR.
    *Deputy General Counsel*

JOHN H. FERGUSON
    *Associate General Counsel*

LINDA DREEBEN
    *Deputy Associate General Counsel*

National Labor Relations Board

March 2009

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD | * | |
| | * | |
| Petitioner | * | No. 07-2554 |
| | * | |
| v. | * | |
| | * | Board Case No. |
| BEACON ELECTRIC COMPANY | * | 09-CA-35127 |
| | * | |
| Respondent | * | |

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), the Board

certifies that its supplemental brief contains 934 words in proportionally spaced,

14-point Times New Roman type, and that the word processing system used was

Microsoft Word 2003.

s/Linda Dreeben
Linda Dreeben
Deputy Associate General Counsel
National Labor Relations Board
1099 14th Street, NW
Washington, DC 20570
(202) 273-2960

Dated at Washington, DC
this 26th day of March 2009

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

NATIONAL LABOR RELATIONS BOARD        *
                                      *
                          Petitioner  *  No. 07-2554
                                      *
              v.                      *
                                      *  Board Case No.
BEACON ELECTRIC COMPANY               *  09-CA-35127
                                      *
                          Respondent  *

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the Board has this date sent to the

Clerk of the Court the Board's supplemental brief by electronic filing in

accordance with Fed. R. App. P. 25(d) and to counsel:

Fred A. Ungerman, Jr., Esq.          Thomas G. Pepper, Esq.
TAFT, STETTINIUS &                   TAFT, STETTINIUS &
HOLLISTER LLP                        HOLLISTER LLP
110 North Main Street                110 North Main Street
Suite 900                            Suite 900
Dayton, OH 45402                     Dayton, OH 45402
ungerman@taftlaw.com                 pepper@taftlaw.com


                        S/Linda Dreeben
                        Linda Dreeben
                        Deputy Associate General Counsel
                        National Labor Relations Board
                        1099 14th Street, NW
                        Washington, DC 20570
                        (202) 273-2960

Dated at Washington, DC
This 26th day of March 2009